```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

HARVEY M. CHAUVIN                              CIVIL ACTION

VERSUS                                         NO: 05-3697

WHITNEY HOLDING CORPORATION,                   SECTION: "R"(3)
et al.

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand this case to Louisiana state court. For the following reasons, plaintiff's motion is GRANTED.

**I.   BACKGROUND**

Plaintiff Harvey Chauvin was hired by defendant Whitney Holding Corporation as a loan officer in March 2003. Whitney terminated plaintiff's employment on June 30, 2004 for several supposed violations of its code of conduct and compliance policies. Plaintiff alleges that Whitney's stated reasons for terminating him were merely pretextual and that he was in fact terminated unlawfully on the basis of his age. He also alleges

that, since his termination, Whitney has taken a number of actions designed to tarnish his reputation.

Plaintiff filed this action in Louisiana state court on June 29, 2005.  He asserts state law claims for defamation, age discrimination, unlawful disclosure of financial information, creating a hostile work environment and fraud against Whitney and several other defendants.  Whitney and co-defendant Derek Chaisson removed the case to this Court on August 5, 2005. Defendants asserted that removal was proper because certain of plaintiff's claims were preempted by the National Bank Act, 12 U.S.C. § 21, *et seq.*  Plaintiff now moves to remand the action to state court.

## II.  DISCUSSION

### A.   Applicable Law

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  When removal is premised on federal question jurisdiction, the Court must determine whether the plaintiff's complaint presents a federal cause of action by reference to the allegations of the plaintiff's well-pleaded complaint.  *See, e.g.*, *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).  Under the well-pleaded complaint rule, the jurisdiction-conferring federal question must appear on the

face of the plaintiff's complaint.  *See, e.g.*, *M, G, & B Servs., Inc. v. Buras*, No. Civ.A. 04-1512, 2004 WL 1872718, at *1 (E.D. La. Aug. 19, 2004) (citing *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997)).  That federal law may provide a defense to the plaintiff's state law claims is insufficient to confer federal question jurisdiction.  *See, e.g., Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisvile & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Thus, "the preemptive effect of a federal statute" ordinarily "will not provide a basis for removal."  *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983)); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).

The Supreme Court has recognized an exception to this rule in certain limited instances "when a federal statute wholly displaces the state-law cause of action through complete preemption."  *PCI Transp., Inc.*, 418 F.3d at 543.  In such a case, the plaintiff's cause of action, "even if pleaded in terms of state law, is in reality based on federal law."  *Beneficial Nat'l Bank*, 539 U.S. at 8.  Complete preemption, for jurisdictional purposes, remains the exception rather than the rule, and very few statutes have been recognized as completely preemptive.  *See Beneficial Nat'l Bank*, 539 U.S. at 10-11

(National Bank Act provisions on interest rates and usury); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (ERISA); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560-62 (1968) (section 301 of the Labor Management Relations Act); *PCI Transp., Inc.*, 418 F.3d at 545 (Interstate Commerce Commission Termination Act); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (Carmack Amendment to Interstate Commerce Act). Under Fifth Circuit law, a federal statute is completely preemptive only if (1) the federal statute contains a civil enforcement provision creating a cause of action that displaces state law; (2) the federal statute specifically grants federal courts jurisdiction to enforce the right that it creates; and (3) there is a Congressional intent to make the federal cause of action exclusive. *PCI Transp., Inc.*, 418 F.3d at 543-44.

    **B.   Analysis**

    Here, although plaintiff's state court petition contains no federal causes of action, defendants assert that removal was proper because the National Bank Act completely preempts state laws as they apply to the employment relationship between national banking associations and their officers. The National Bank Act grants the board of directors of a national banking association the power to "appoint a president, vice president,

4

cashier, and other officers, define their duties . . . *dismiss such officers or any of them at pleasure*, and appoint others to fill their places." 12 U.S.C. § 24(Fifth) (emphasis added). A number of courts have held that the "at pleasure" clause of section 24(Fifth) preempts state law claims relating to a bank officer's employment. *See Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524-26 (9th Cir. 1989) (section 24(Fifth) preempted state contract and tort claims); *Farmer v. Nat'l City Corp.*, No. C-2-94-966, 1995 WL 918311, at *3 (S.D. Ohio Sept. 12, 1995) ("[F]ederal and state courts have consistently construed § 24(Fifth) as preempting state law governing employment relations between a national bank and its officers . . . .").

Even if section 24(Fifth) preempts one or more of plaintiff's claims, however, that alone is not enough to confer removal jurisdiction on this Court. As noted *supra*, the preemptive effect of a federal statute creates federal question jurisdiction only when the federal statute preempts state law and provides a federal cause of action that Congress intended to be exclusive. Section 24(Fifth) cannot satisfy that standard. To start, it confers no right upon a potential plaintiff and it contains no civil enforcement provision. The only right created by section 24(Fifth) is the right of a national banking association to appoint and dismiss its officers at pleasure.

5

Thus, federal law provides, at most, a defense to plaintiff's claims. The Court therefore finds that section 24(Fifth) is not a complete preemption statute, and it does not confer federal question jurisdiction over this case.

Defendants' reliance upon the Supreme Court's decision in *Beneficial National Bank* is unavailing. In *Beneficial National Bank*, the Court considered two other provisions of the National Bank Act, one setting the legal rate at which a national bank may charge interest, and the other setting forth the elements of a usury claim against a national bank. The Court held that those provisions completely preempt state law usury claims because they "supercede both the substantive and remedial provisions of state usury laws and create a federal remedy that is exclusive, even when a state complainant . . . relies entirely on state law." *Beneficial Nat'l Bank*, 539 U.S. at 10. This case implicates neither of the provisions involved in *Beneficial National Bank*, and, as discussed above, section 24(Fifth) does not give the Court federal question jurisdiction over plaintiff's claims. Accordingly, the Court has no jurisdiction over this action, and it must be remanded to the state court.

**III. CONCLUSION**

    For the reasons stated above, the Court GRANTS plaintiff's motion to remand.

    New Orleans, Louisiana, this 12th day of December, 2005.

                          *Sarah Vance*
                          SARAH S. VANCE
                      UNITED STATES DISTRICT JUDGE